UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. CHAVEZ,<br><br>    Petitioner,<br><br>  v.<br><br>BOARD OF PRISON TERMS,<br><br>    Respondent. | Case No.: 1:15-cv-00773-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND FAILURE TO STATE A COGNIZABLE HABEAS CLAIM<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

In his petition, Petitioner raises two claims challenging a March 5, 2014 decision of the Board of Parole Hearings finding him unsuitable parole. His final claim challenges his 2003 commitment to prison following his years of imprisonment in the California Youth Authority based upon his conviction in the Los Angeles Superior Court for second degree murder.

I.  **Preliminary Screening of the Petition**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990).

1

Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

**II.   Failure to State a Claim Cognizable Under Federal Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on December 15, 2014, and thus, it is subject to the provisions of the AEDPA.

   A.   Substantive Due Process Claims And California's "Some Evidence" Standard

As discussed more fully below, the first two claims in the petition sound exclusively in substantive federal due process and therefore are not cognizable in these proceedings.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

1  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
2  demonstrate the adjudication of his claim in state court resulted in a decision that was contrary to, or
3  involved an unreasonable application of, clearly established Federal law, as determined by the Supreme
4  Court of the United States; or resulted in a decision that was based on an unreasonable determination of
5  the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

6  Because California's statutory parole scheme guarantees that prisoners will not be denied parole
7  absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that
8  California law creates a liberty interest in parole that may be enforced under the Due Process Clause.
9  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609
10 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, 562 U.S.216,
11 (2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's
12 application of California's "some evidence" rule was unreasonable or was based on an unreasonable
13 determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v.
14 Muntz, 606 F.3d at 608.

15 On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,
16 562 U.S 216 (2011).  In that decision, the United States Supreme Court characterized as reasonable the
17 decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in
18 parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair
19 procedures with respect to the liberty interest.  Swarthout, at 220-221.

20 However, the procedures required for a parole determination are the minimal requirements set
21 forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]  Id..  In
22 Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was
23 an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court
24 stated as follows:

25 > There is no right under the Federal Constitution to be conditionally released before the
>  expiration of a valid sentence, and the States are under no duty to offer parole to their

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

3

> prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures requires are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, at 220. The Court concluded that the petitioners had received the due process to which they were due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Id. The Court went on to expressly point out that California's "some evidence" rule is not a substantive federal requirement, and correct application of the State's "some evidence" standard is not required by the federal Due Process Clause. Id. The Supreme Court emphasized "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 222.

Here, Petitioner does not challenge the substantive decision of the BPT that Petitioner is unsuitable for parole; rather, he contends only that he should be permitted a subsequent parole suitability hearing at some time less than seven years hence. Swarthout forecloses any claim premised upon California's "some evidence" rule because this Court cannot entertain substantive due process claims related to a state's application of its own laws. Here, though the first two claims in the petition relate to the length of the denial period, they nevertheless sound exclusively in substantive due process and are therefore foreclosed by Swarthout. Review of the record for "some evidence," or for a "nexus" between present dangerousness and certain indicia, or reliance upon the circumstances of the commitment offense to support denial of parole, or, as here, the failure of the parole board to properly consider statutory criteria in setting the length of the denial period, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254. Accordingly, the first two claims in the petition should be summarily dismissed.

Moreover, to the extent that the first two claims in the petition can be characterized as resting

4

solely on state law, they are not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002). Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

B. Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to *procedural* due process. Petitioner has not included a transcript of the BPH hearing. However, from Petitioner's own allegations in the petition, it appears to be clear that Petitioner was present at the BPH hearing, that he had an opportunity to be heard, that he was represented by counsel who also attended the hearing and who argued on Petitioner's behalf, and that Petitioner received a statement of the Board's reasons for denying parole.

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, at 222. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Thus, the first two claims in the instant petition do not present cognizable claims for relief and should be summarily dismissed.

III. Successive Petitions.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  In the first amended petition, Petitioner alleges that he raised ground three in a federal habeas corpus petition in the Central District of California, but provides no further information. (Doc. 7, p. 9).  In the original petition, however, Petitioner alleges that the federal petition filed in the Central District was denied on 2007.  (Doc. 1, p. 6).  Moreover, Petitioner alleges that the Central District denied his petition as "time barred."  (Id.).

Since, in both petitions, Petitioner alleges, under penalty of perjury, that he has raised his challenge to the 2003 proceedings committing him to state prison following his incarceration in the California Youth Authority, in a federal habeas petition that was denied as untimely, the Court concludes that ground three is a successive claim and that, moreover, Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file that successive claim.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the claim as successive.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

///

# **RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that grounds one and two in the first amended petition be dismissed for failure to state a cognizable federal habeas claim and that ground three be dismissed as successive and for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed **within ten days** after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 28, 2015**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE